IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JANICE OAKLEY JOHNSON,
ALFONZO JOHNSON, and FRED OAKLEY                           PLAINTIFFS

VS.                           CASE NO. 1:24-CV-01019 SOH

DARIVYAK PATEL, Owner/Operator
DAYS INN by WYNDHAM, FORDYCE, ARKANSAS
and HITESH PATEL, General Manager, DAYS INN
by WYNDHAM, FORDYCE, ARKANSAS                              DEFENDANTS

## COMPLAINT

### Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C. § 1658), 42 U.S.C. § 2000a(1), in order to recover damages against the defendant for the unlawful discriminatory employment practices that the plaintiff, Adrian Bryant has been subjected to on account of his race and in retaliation for having complained about discriminatory conduct. This is also an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well. The plaintiffs also requests that this court assume supplemental jurisdiction over their state law claim of tort of outrage.

I.
Parties

1.   The plaintiffs Janice Oakley Johnson, Alfonzo Johnson, and Fred Oakley, live in Indianapolis, Indiana, and are African Americans.

1

2.  The defendant Darivyak Patel owns and operates a Days Inn by Wyndham, in Fordyce, Arkansas. It is believed that Darivyak Patel is of Indian descent.

3.  The defendant Hitesh Patel, is the general manager of the Days Inn by Wyndham, in Fordyce, Arkansas. It is believed that Hitesh Patel is of Indian descent.

## II.
## Jurisdiction and Venue

4.  Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C.S. § 2000a-6(a).

5.  This is also an action seeking declaratory relief pursuant to 28 U.S.C.S. § 2201 to declare the rights and other relations between the parties and for damages. The Court is also asked to assume supplemental jurisdiction over the plaintiff's state law claims.

## III.
## Facts

6.  Some time in July 2023, the plaintiff Janice Johnson contacted the Days Inn by Wyndham, in Fordyce, Arkansas to make reservations for two (2) rooms, one for she and her husband Alfonzo Johnson, and one for her father Fred Oakley, who at the time was ninety-five (95) years old.

7.  The Days Inn by Wyndham, Fordyce, Arkansas is a place of public accommodation, in that it sits on a major highway in Fordyce, Arkansas, and it advertises to the public to provide hotel accommodations for transient guests.

8.  The plaintiffs were planning for a family reunion trip to Fordyce, Arkansas to take place during the weekend of October 6, 2023.

9.  Mrs. Johnson called the hotel the day before, just to confirm the reservations, only to be told that one had been made for her father, but not for her and her husband.

10. Mrs. Johnson told the hotel that she needed an additional room.

11. When Mr. and Mrs. Johnson, along with Mr. Oakley arrived in Fordyce, Arkansas on October 6, 2023, they attempted to check into the Days Inn by Wyndham, but found out that the reservation was mistakenly made for Wednesday, October 4, 2023.

12. Mrs. Johnson was able to correct the reservation for October 6-7, 2023, and she asked the manager – Hitesh Patel to circle and initial the documents. (**See Plaintiff's Exhibit "A" and "B"**).

13. However, Mrs. Johnson discovered that Mr. Patel had submitted additional charges, which raised a red flag with her bank, which called her asking if she had authorized these additional charges.

14. Mr. Patel attempted to charge the plaintiffs for days that they had not stayed.

15. When Mr. Johnson questioned Mr. Patel about these additional charges, he became irate, and began to verbally abuse the plaintiffs and displayed threatening and aggressive behavior towards them, while pounding his fists on the counter.

16. Mr. Patel even referred to Mr. Johnson as a "drunk," and appeared as if he was about to jump over the counter, including calling the plaintiffs "niggers," and shouting other racial slurs toward the plaintiff.

17. Mr. Patel told us that they plaintiffs to "get out," and said that he would call the police.

18. When the police arrived, they asked to see the plaintiffs' drivers license, which they provided.

3

19. When the police left, the plaintiffs were forced to find lodging some place else due to the defendants refusing to provide them with accommodations.

20. The plaintiffs later discovered that the defendants had fraudulently charged their credit card approximately $1,000.00.

## IV.
## 42 U.S.C. § 1981

21. The plaintiff incorporates by reference the allegations as alleged in paragraphs 1-20, and adopts each as set out herein word-for-word.

22. When the plaintiff attempted to secure their reservations at the Days Inn by Wyndham in Fordyce, Arkansas, they were met with hostility and racial insults by the defendant Hitesh Patel.

23. Mr. Patel even called the police on the plaintiffs, for the purpose of harassing and intimidating the plaintiffs.

24. Upon information and belief, this manager had displayed similar racist conduct towards other African Americans, to the point that the police have been called several times.

25. The plaintiff attempted to enter into a contract with the defendants, but were denied the enjoyment of their contract, by being their hotel accommodations on account of their race, in violation of 42 U.S.C. § 1981.

26. The plaintiffs were subjected to racial name calling, racial slurs, when they attempted to secure their hotel accommodations, when white citizens are not subjected to the same type of treatment, in violation of 42 U.S.C. § 1981.

4

## V.
## 42 U.S.C. § 2000a

27. The plaintiff incorporates by reference the allegations as alleged in paragraphs 1-26, and adopts each as set out herein word-for-word.

28. When the plaintiff attempted to secure their reservations at the Days Inn by Wyndham in Fordyce, Arkansas, they were met with hostility and racial insults by the defendant Hitesh Patel.

29. Mr. Patel even called the police on the plaintiffs, for the purpose of harassing and intimidating the plaintiffs.

30. Upon information and belief, this manager had displayed similar racist conduct towards other African Americans, to the point that the police have been called several times.

31. The plaintiffs were denied the full and equal enjoyment of the defendants' hotel on account of their race, in violation of 42 U.S.C. § 2000a(a).

## VI.
## Tort of Outrage

32. The plaintiff incorporates by reference the allegations as alleged in paragraphs 1-31, and adopts each as set out herein word-for-word.

33. The conduct and treatment that the defendant Hitesh Patel subjected the plaintiffs to are repugnant, extreme and outrageous, and should not be tolerated in any civilized society.

34. Hitesh Patel subjected the plaintiffs to racial slurs, denied them hotel accommodations on account of their race, and even called the police on the plaintiffs when they had done nothing wrong.

35. Calling the police on an African Americans, especially African American males, in an area like Fordyce, Arkansas, has a high propensity of leading to a bad outcome, which the defendants should have known.

36. In America today, African Americans are more likely to be killed by the police, than any other racial demographic.

37. *Forbes* Magazine reported that Since January 1, 2015, there had been 1,252 African Americans killed by the police, which is at a rate of 30 per one million, as compared to 2,385 whites killed by the police, which is at a rate of 12 per one million, based on population sizes. There were 877 Hispanics killed by the police, which is at a rate of 22 per one million, again, based on their population size.[1]

38. *PBS News Hour* reported on a study published by the **Proceedings of the National Academies of Sciences**, which reported that "over the course of a lifetime, black men face a one in 1,000 risk of being killed during an encounter with the police, a rate which is higher than that of white men." The study revealed that "[b]lack men and boys face the highest risk of being killed by police—at a rate of 96 out of 100,000 deaths. By comparison, white men and boys face a lower rate of 39 per 100,000 deaths, despite being a bigger portion of the U. S. population."[2]

39. Calling the police on the plaintiff under the circumstances as stated herein, the defendant knew or should have known would cause the plaintiffs' emotional distress of such a severe and extreme nature, that no reasonable person in the plaintiffs' position could be expected to endure it.

---

[1] https://www.forbes.com/sites/niallmccarthy/2020/05/28/police-shootings-black-americans-disproportionately-affected-infographic/?sh=36a2cfbe59f7
[2] https://www.pbs.org/newshour/health/after-ferguson-black-men-and-boys-still-face-the-highest-risk-of-being-killed-by-police

6

40. The above-mentioned behavior on the part of the defendants and its employees is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and [should] be regarded as atrocious, and utterly intolerable in a civilized society."

## VIII.
## Damages

41. The plaintiff incorporates by reference the allegations as alleged in paragraphs 1-40, and adopts each as set out herein word-for-word.

42. As a direct and proximate cause of the defendants' conduct, the plaintiffs have suffered pecuniary losses, all in an amount to be proven at the trial of this matter.

43. Also, as a direct and proximate cause of the defendants' conduct, the plaintiffs have experienced pain and suffering, humiliation, mental anguish and emotional distress, all to his damage in an amount to be proven at trial, and certainly in an amount that exceeds the jurisdictional limits to invoke diversity of citizenship in federal cases.

44. The conduct of the defendants was committed with malice and/or with gross recklessness, making an award of punitive damages warranted, and certainly in an amount that exceeds the jurisdictional limits to invoke diversity of citizenship in federal cases.

## IX.
## Jury Demand

45. The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) qualified citizens.

THEREFORE, the plaintiff requests judgment against the defendant in an amount which exceeds the amount necessary to invoke diversity of citizenship in federal cases, and for all other just and proper relief.

Respectfully submitted,

PORTER LAW FIRM
The Catlett-Prien Tower Building
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
E-mail: Aporte5640@aol.com

By: _____
Austin Porter Jr., No. 86145

Dated: March 15, 2024.



**Days Inn by Wyndham Fordyce**
2500 West 4th Street
Fordyce, Arkansas, 71742, United States
Phone: 1-870-3522400
Fax: 1-870-352-0220
Email: daysinnfordyce@gmail.com

## Registration

Name: JOHNSON, JANICE

Confirmation Number: 83649EE004696

Phone #: N/A
Email: N/A
Loyalty:

Guest Address:
Company Address: N/A
Guests: 2/0

Room: 117
Room Type: S11
Nights: 3

Rate Plan: SAP
Daily Rate: USD 112.50
GTD: VI 5252

Arrival: Oct 05, 2023 (Thu)
Departure: Oct 08, 2023 (Sun)

Check-in time: 02:00 PM        Check-out time: 11:00 AM

| | |
|---|---|
| Room Rate | 356.40 |
| Oct 05, 2023 (Thu) | 112.50 per night — *Refund $126* |
| Oct 06, 2023 (Fri) | 121.50 per night |
| Oct 07, 2023 (Sat) | 122.40 per night |
| Add-Ons | 0.00 |
| Taxes and Fees | 42.78 |
| Estimated Charges | USD 399.18 |

*$273.00*

License Plate #: _____
Make: _____
Model: _____

Guest Signature: *Janice D Johnson*
By signing above, I agree to these terms and conditions

*399.50*  *$126.00*  *Paid*  *Total Amount $349.18*

This hotel is 100% smoke free. If I, or anyone accompanying me, smokes in any guest room or any part of the building, I agree to pay a cleaning charge of $200 per occurrence. Parking a vehicle on the hotel premises is done at my own risk. I acknowledged that I am a transient occupant; my hotel room is not my residence. WHEN USING A BANK/DEBIT CARD AT CHECK-IN, AN IMMEDIATE HOLD WILL BE PLACED ON YOUR FUNDS FOR ROOM CHARGES, TAX AND INCIDENTAL EXPENSES THROUGH THE DATE OF YOUR CHECK-OUT. DEPENDING UPON THE PRACTICE OF YOUR BANK, YOUR FUNDS MAY NOT BE RELEASED FOR UP TO 10 BUSINESS DAYS AFTER YOUR CHECK-OUT DATE. THIS HOTEL IS NOT RESONSIBLE FOR OVERDRAFT OR SIMILAR CHARGES

Initials: _____
Initials: _____



PLAINTIFF'S EXHIBIT A

# Days Inn BY WYNDHAM

2500 West 4th Street
Fordyce, Arkansas, 71742, United States
Phone: 1-870-3522400
Fax: 1-870-352-0220
Email: daysinnfordyce@gmail.com

## Registration

Name: ~~JOHNSON, JANICE~~ *Fred Oakley Jr*    Confirmation Number: 83649EE004697

Phone #: N/A    Email: N/A    Loyalty:

Guest Address:    Company Address: N/A    Guests: 2/0

Room: 101    Room Type: PK1    Nights: 3

Rate Plan: RROD    Daily Rate: USD 125.00    GTD: Cash

Arrival: Oct 05, 2023 (Thu)    Departure: Oct 08, 2023 (Sun)

Check-in time: 02:00 PM    Check-out time: 11:00 AM

| Room Rate | | 396.00 |
|---|---|---|
| Oct 05, 2023 (Thu) | | 125.00 per night |
| Oct 06, 2023 (Fri) | | 135.00 per night |
| Oct 07, 2023 (Sat) | | 136.00 per night |
| Add-Ons | | 0.00 |
| Taxes and Fees | | 47.54 |
| Estimated Charges | | USD 443.54 |

*REFUND $140.01*
*303.53*

License Plate #: _____
Make: _____
Model: _____

*Paid*

Guest Signature: *Janice L Johnson*
By signing above, I agree to these terms and conditions

This hotel is 100% smoke free. If I, or anyone accompanying me, smokes in any guest room or any part of the building, I agree to pay a cleaning charge of $200 per occurrence. Parking a vehicle on the hotel premises is done at my own risk. I acknowledged that I am a transient occupant; my hotel room is not my residence. WHEN USING A BANK/DEBIT CARD AT CHECK-IN, AN IMMEDIATE HOLD WILL BE PLACED ON YOUR FUNDS FOR ROOM CHARGES, TAX AND INCIDENTAL EXPENSES THROUGH THE DATE OF YOUR CHECK-OUT. DEPENDING UPON THE PRACTICE OF YOUR BANK, YOUR FUNDS MAY NOT BE RELEASED FOR UP TO 10 BUSINESS DAYS AFTER YOUR CHECK-OUT DATE. THIS HOTEL IS NOT RESPONSIBLE FOR OVERDRAFT OR SIMILAR CHARGES

Initials: _____
Initials: _____

**PLAINTIFF'S EXHIBIT**
B

Printed on: Fri, Oct 06, 2023 at 04:20:29 AM

Page 1 of 1